Our last case this morning is United States v. Fowowe, if I'm pronouncing it correctly. I think it's Fowowe, but I think you're close enough. Fowowe. Okay. And we have both counsels. So, Mr. Henderson, you may proceed. Thank you, Your Honor, and may it please the Court. Peter Henderson on behalf of Olaitan Fowowe. This case involves a procedural claim of error in the denial or partial denial of a section 404 B motion under the First Step Act. I think the outcome is controlled by three cases from last year from this court. The district court seems to have just missed the argument on the supplemental pleading that we filed. And what's clear from United States v. Coroner is that because a defendant is entitled to only one review of their sentence, he's entitled to a complete clear review, which means that as a baseline, that involves an accurate comparison between the statutory penalties that applied at the original sentence and the statutory penalties that would apply now. And what happened here was we pointed out that the statutory penalties now are in fact lower than they were at the original sentencing and lower even than what the Fair Sentencing Act did. And so the judge should take that into consideration. Under Shaw, under Hudson, those are considerations for a judge to take into account. The judge doesn't have to reduce the sentence, of course. But what we've seen with, in our court at least, is judges have generally been receptive to these arguments that are based on United States v. Ruth and have typically taken them into account. We listed some of those cases on pages 14 and 15 of our reply brief. And the district court here, I think, just overlooked it. A couple points in the opinion where the district court expressed its belief that the mandatory minimum prison term was 10 years rather than 5 and that the minimum supervised release term was 8 years rather than 4. And in fact, the district court reduced the term of supervised release from 10 years to 8. There's no indication from the record that it wouldn't have reduced it to 4 had it considered this argument on the updated statutory penalties. So under Coroner Hudson and Shaw, the district court was perfectly entitled to consider the changes in the law that were affected by United States v. Ruth. They applied to Mr. Followay's case and we would ask that the court, in the absence of any questions, reverse the judgment and send it back so Judge Shadid can make an exercise of his discretion on this first step. Thank you. Mr. Bass. Thank you, Your Honor. May it please the court. Timothy Bass on behalf of the United States. Your Honor, the district court's judgment in this case should be affirmed because it should not be required to consider and expressly address this court's decision in Ruth and the continuing validity of a defendant's prior Illinois drug conviction in deciding the First Step Act motion. And the reason for that, there are essentially four reasons for that. The first and primary one is that unlike this court's decisions in Shaw, Coroner, and Hudson, the First Step Act, which this court has said is the authorizing vehicle for considering reduction in sentence, expressly provides that the changes to what, changes to what are prior qualifying convictions, are not retroactive. And that is essentially what the defendant is requesting the court, the district court to be required to do, to address the continuing validity of a prior drug conviction, which the First Step Act expressly provides as non-retroactive. That's the primary reason why the district court's judgment should be affirmed and why it distinguishes this case from this court's prior decisions in Shaw, Coroner, and Hudson. The second reason why the district court's judgment should be affirmed is because unlike those cases, again, considering this court's decision in Ruth and evaluating the continuing validity of a prior conviction, it will result in a certain disparity in sentences, not only in conflict with the First Step Act, but in conflict with Section 3553A. That certain disparity is, the defendant here, Mr. Fuoi, is arguing that he and only those other defendants who have prior Illinois cocaine convictions should be entitled to consideration of the continuing validity of those convictions, as opposed to other defendants who have prior non-Illinois cocaine convictions who would not be entitled to the benefit of a consideration of Ruth. And not only a disparity between those defendants, but also a disparity between those defendants who have any prior drug conviction that would no longer qualify as a serious drug felony. It's only those defendants under Mr. Fuoi's argument, my friend Mr. Henderson's argument, only those defendants who have a prior Illinois cocaine conviction who would be entitled to the benefits of consideration of Ruth in a First Step Act context. That would result in a certain disparity of sentences among similarly situated defendants. Third, it also, doing so also is acting inconsistently with what Congress has also provided in the 2255 post-conviction statute. Requiring the district court to consider a continuing validity of a prior drug conviction is in essence authorizing a collateral attack, contrary to the provisions of 2255. It also would be contrary to, in this case, to the express collateral attack waiver that's in the plea agreement. Finally, requiring the district court in this case, and in other similar cases, to consider Ruth, and not only consider Ruth, but expressly address it, because that's essentially what the defendant is arguing here, that the district court should have expressly addressed the which this court has previously said is not required. So for those reasons, Your Honor, we would ask that the district court's judgment be affirmed and the court to hold that Ruth is not relevant in the context of a First Step Act motion. Even if this court were to conclude that a district court may consider Ruth, it should not be required to expressly address it in its First Step Act decision. There's a difference between considering an argument and expressly addressing it. This court stated in Shaw that it was without assurance that the district court had considered the argument. Here the district court considered the defendant's arguments. It expressly stated it considered the 3553A factors. It also stated that it considered the defendant's post-sentencing conduct. It acknowledged the defendant's supplemental filing. The only thing it did not do was expressly address the argument. I don't think you can conclude on this record that the district court failed to consider Ruth, because, again, it acknowledged the supplemental filing. As my friend Mr. Henderson points out, Judge Shadid, in his order in the Newbern case, which is cited in the defendant's reply brief on page 14, in Judge Shadid's order three days after he issued the order in this case, he expressly addressed Ruth in that order. So I don't think you can conclude on this record that the district court did not consider the argument. So, for those reasons, Your Honors, again, the government would ask that the district court's judgment be affirmed, and I'd be happy to answer it. Isn't it a more likely inference based on what you just said about a different case in close proximity? I'm sorry? Isn't it a more logical inference based on what you just said about a different case before Judge Shadid in close proximity to this one that Judge Shadid just overlooked this Ruth-based argument? All he did in his order is announce what filings were on record, meaning the motion, the amended motion and the supplement, and a response from the government. There's no indication in the body of the order, at least, that the judge actually considered the Ruth-based argument. And since the judge is clearly aware of it, it sounds like he overlooked it. I understand the question, Your Honor, and I would just simply stay on this record. If Judge Shadid, he obviously was considering these cases at the same time he issued these orders, the order in this case, three days before he issued the order in New Bern. But again, I go back to does considering mean that the district court is required to expressly address the argument? In other words, if the district court does not expressly address the argument, does that mean he did not consider it? I don't think on this record you can conclude that when the district court acknowledged the supplemental filing and three days later in a case that he was considering at the same time, he expressly referred to Ruth. I concede that this argument is probably less persuasive than our first argument. But again, I would simply state that on this record, requiring the district court not only to consider it, but expressly address it, essentially translates or transforms a First Step Act motion into a plenary resentencing. What else would there be for the district court to do in a plenary resentencing? Other than recalculating the statutory penalties, recalculating the guideline calculations, considering and expressly addressing every one of the defendant's arguments, that's a plenary resentencing, which this court has held is not required, is not required. But again, I go back to our primary argument that this court has said in Shaw, Corner, Hudson that the First Step Act authorizes or at least does not preclude a district court from considering 3553A factors, updated statutory penalties, post-sentencing conduct. But in this case, the First Step Act expressly provides that the changes to what are qualifying drug convictions are non-retroactive. So for that reason, Ruth is inapplicable to the First Step Act motion. So we would ask that the judgment be affirmed. Thank you. Thank you, Your Honors. Mr. Henderson. Thank you, Your Honor. I just wanted to clarify one thing. The First Step Act motion doesn't involve retroactivity. We're talking about now. The court may impose a sentence, and how the court arrives at that decision is in light of the current statutory regime. The other thing, too, is that this is not a change in whether drug predicates count under Section 401 of the First Step Act. United States v. Ruth interpreted the term that has been used for the last 30-some years in Title 21 to hold that these sorts of convictions don't apply. So it has nothing to do with other provisions of the First Step Act. It's simply a clarification of what the law has always meant. With that, we'd ask that the court reverse and permit Judge Shadid to exercise its discretion. Thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement, and that concludes today's calendar.